IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MICHAEL F. PALMER

VS.                                         CIVIL ACTION NO. 4:09CV22-WAP-DAS

DANNY SCOTT AND THE
ATTORNEY GENERAL OF THE
STATE OF MISSISSIPPI

## REPORT AND RECOMMENDATION

Petitioner, Michael F. Palmer, filed his petition for a writ of habeas corpus in this court on March 5, 2009. The matter has been referred to the undersigned United States Magistrate Judge for review and issuance of a report and recommendation.

## I. FACTS

In March 2004, Alice and Jane wrote a letter to their grandmother, accusing their stepfather, Michael Palmer, of sexually abusing them. Thinking the letter was an apology for something else, their grandmother did not read the letter for three months. When the grandmother finally read the letter and asked the girls about it, they begged her not to tell their mother. Inexplicably, the grandmother agreed not to tell their mother.

Approximately six months later, the girls wrote another letter, this time to their mother. After reading the letter and discussing the allegations with Alice and Jane, the mother took the girls in for a medical examination, where nurses found evidence supporting the allegations of abuse. Later that day, the mother took Alice and Jane to the police department to make statements and file charges against Palmer. Afterwards the girls and their mother were taken to a domestic abuse shelter. Over the next two weeks, a social worker with the Mississippi

1

Department of Human Services and therapists with the Mississippi Children's Advocacy Center interviewed the girls. Each interview concluded that the girls' allegations of abuse were credible.

In December 2004, the grand jury indicted Palmer for sexual battery, attempted sexual battery, and fondling. Prior to trial Palmer filed a motion for a continuance, and the court granted the motion. In May, he filed a second motion for a continuance, which he amended three separate times. Among other things, the amendments requested more time to secure the services of an independent psychologist to interview the girls. The court denied the second motion for a continuance. Trial began on May 18, 2005, but before empaneling the jury, the trial court held a hearing to determine the applicability of Rule 803(25) of the Mississippi Rules of Evidence, the so-called tender years exception. After hearing testimony from the girls, their mother, and therapists who interviewed them, the court found the rule applied to Alice but not Jane. During trial, the court allowed hearsay testimony from several witnesses concerning Palmer's abuse of Alice under Rule 803(25).

After the close of evidence, the trial court instructed the jury on sexual battery, attempted sexual battery, and fondling. The jury convicted Palmer of the attempted sexual battery of Jane, and of fondling both Alice and Jane. The court then sentenced him to thirty years on the attempted sexual battery count and fifteen years on each of the fondling counts to run consecutively. Palmer filed a motion for a judgment notwithstanding the verdict which was denied and then appealed his convictions and sentences to the Mississippi Supreme Court. The Mississippi Court of Appeals affirmed the convictions and sentences, and the supreme court denied his application for a writ of certiorari. Palmer then filed a pro se "Application for Leave to File Post-Conviction Motion" with the Mississippi Supreme Court, arguing ineffective

2

assistance of counsel and cumulative error. The court denied Palmer's application, holding he failed to satisfy the dictates of *Strickland v. Washington*, 466 U.S. 668 (1984).

In support of his petition, Palmer makes the following arguments:[1]

1. The trial court erred when it denied his motion for a continuance in order to obtain an expert witness.

2. Ineffective assistance of trial counsel for failing to object to jury instructions 7, 8, and 15. Also, the trial court erred when it gave the instructions.

3. Ineffective assistance of trial counsel for failing to procure an expert witness in a timely manner.

4. Ineffective assistance of trial counsel for failing to object to the prosecution's closing argument.

5. Cumulative error.

6. The trial court erred when it admitted hearsay evidence regarding one of the minor victims under rule 803(25) of the Mississippi Rules of Evidence.

## II. DISCUSSION

### 1. Motion for a Continuance

With respect to the petitioner's argument concerning the trial court's denial of his motion for a continuance, the Mississippi Court of Appeals explained:

> [F]or an assignment of error based on a continuance motion to be properly preserved for appeal, it must be presented in a post-trial motion for a new trial. Specifically, "[t]he denial of a continuance is not an issue that may be reviewed for error on appeal when the matter is not assigned as a ground for a new trial in an appropriate post-trial motion." *Riser v. State*, 845 So. 2d 720, 723 (Miss. Ct. App. 2003).

*Palmer v. State*, 986 So. 2d 328, 330 (Miss. Ct. App. 2007). The court went on to explain

---

[1]The court, as required by *Haynes v. Kerner*, 404 U.S. 519 (1972), has liberally construed petitioner's asserted grounds for relief.

precisely why it will not consider such arguments when they have not been made in a post-trial motion, and then wrote: "Consequently, we need not reach the question of whether or not the trial court erred in failing to grant Palmer's second continuance motion. Palmer failed to address the issue in a post-conviction motion for a new trial, and therefore this assignment of error is moot." *Palmer*, 986 So. 2d at 331.

With his petition, Palmer spends a great deal of time and effort focused on the wording of the court's decision, specifically its use of the word "moot." It is Palmer's contention that because the court found the issue "moot," the court did not specifically affirm the trial court's decision and thus violated the plain statement rule. *See, e.g., Harris v. Reed* 489 U.S. 255, 261-62 (1989). In other words, the petitioner argues that because the court of appeals did not clearly base its ruling on a procedural default, habeas review of this claim is not precluded. While the petitioner's explanation of the plain statement rule is lucid, the court disagrees with his interpretation of the court of appeals' decision. That is, after examining the court of appeals' decision, this court finds that the court clearly based its ruling on a procedural default. That they used the term "moot" is unfortunate only because the term may be read more than one way. However, because the court went to great lengths to explain *why* they did not consider such grounds, there can be no other logical interpretation but that rather than finding it unnecessary to address the issue, they found the issue barred. And because the court based its decision not to consider Palmer's issue on appeal on a procedural bar, this court will not consider the issue in a habeas proceeding. The law is very clear.

Procedural bars are cognizable in habeas cases where (1) there is an independent and adequate state procedural rule and (2) the petitioner does not demonstrate both cause for the

4

default and actual prejudice as a result of the violation of federal law, or demonstrate that a failure to consider the claims will result in a "miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977). A habeas petitioner bears the "burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his direct appeal." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997); *see also Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("A state procedural rule is not adequate unless it is strictly and regularly followed."). Accordingly, Palmer must demonstrate that "the state has failed to apply the procedural bar to claims identical or similar to those raised by [Palmer] himself." *Id.* Because Palmer has neither shown nor argued that the "contemporaneous objection rule" was not "strictly or regularly" followed around the time of his appeal, the court will address the second requirement.

With regard to the second requirement, Palmer must show either (1) that there was cause for his failure to argue the error in a post-trial motion or (2) that there was a miscarriage of justice when the state court failed to consider the merits of the claim. *See Coleman*, 501 U.S. at 750. In this case, Palmer does not allege any reason for his failure to argue the alleged error in a post-trial motion. To the contrary, Palmer makes the argument that he did indeed argue the error in his motion for judgment notwithstanding the verdict. In support of his position that he made the argument in a post-trial motion, Palmer points to paragraph four of his motion for judgment notwithstanding the verdict. Paragraph four provides: "The Court wrongfully admitted evidence and failed to allow evidence to be admitted that should have been admitted and failed to grant a mistrial where that evidence was admitted." This is the entirety of paragraph four, and it appears Palmer is arguing his statement that the court "failed to allow evidence to be admitted that should

5

have been admitted" somehow refers to the court's denial of his motion for a continuance. It appears he is arguing that had the continuance been granted, he would have procured an expert who would have provided evidence, and by denying the motion, the court indirectly excluded evidence "that should have been admitted." The court, however, is not prepared to make such a leap.[2] After a thorough examination of Palmer's motion for judgment notwithstanding the verdict, it is plainly clear that he did not assign the trial judge's denial as ground for a new trial, and thus, the court will look to the second section of part two of the test. Specifically, the court now looks to determine whether there was a miscarriage of justice when the state court failed to consider the merits of the claim. *Id.*

The fundamental miscarriage of justice exception is confined the cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the requisite probability that he was actually innocent, Palmer must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644. Palmer has not asserted any new, reliable evidence which shows that it was "more likely than not that no reasonable juror would have convicted [him] in light of the new evidence." *Id.* Accordingly, because Palmer made no claim of actual innocence, and he has failed to show cause for his failure to make the

---

[2]To the extent that Palmer's petition could be construed to claim that "ineffective assistance of counsel" meets the cause requirement, this claim is without merit because Palmer has failed to show that counsel's performance was deficient or that he was prejudiced thereby, as discussed more fully below. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).

argument in a post-trial motion, his first claim is barred from habeas review.

## Arguments 2-6 Considered by State Courts

The state appellate courts have considered each of the remaining grounds on the merits and decided them against Palmer. Consequently, these claims are barred from habeas review by the Antiterrorism and Effective Death Penalty Act of 1996 unless they meet one of its exceptions. Section 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (West 2010).

The first exception, subsection (d)(1), applies to questions of law and mixed questions of fact and law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Because Palmer's claims involve mixed questions of law and fact, the court will examine them under the first exception.[3] Under subjection (d)(1), a petitioner's claim merits habeas review if

---

[3] Under section 2254(d)(2), the grounds presented by Palmer may still merit review if those facts to which the appellate court applied the law were determined unreasonable in light of the evidence presented. Because state appellate courts are presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 271, 281 (5th Cir. 2000); 28 U.S.C. 2254

its prior adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* A state court's decision is contrary to federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor* 529 U.S. 362, 412-13 (2000). A state court's decision involves an "unreasonable application" of federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be "objectively" unreasonable. *Williams*, 529 U.S. at 409. As discussed below, Palmer has not shown that the state appellate court unreasonably applied the law to the facts or that the court's decisions contradicted federal law.

## **Ineffective Assistance of Counsel**

With arguments two, three, four, and five Palmer contends he was denied his right to effective assistance of counsel. Palmer made these four arguments to the Mississippi Supreme Court in his application for leave to seek post-conviction relief, which the court denied by Order filed February 18, 2009. Specifically, the court found his arguments failed to meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).[4]

---

(e)(1). Palmer has failed to meet this burden.

[4]The court notes it is aware that because the Mississippi Supreme Court considered Palmer's arguments that his counsel was ineffective, the standard now is not whether Palmer has made the showing under *Strickland*. Rather, the issue now is ostensibly whether the supreme court's decision was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his ineffective assistance of counsel claim. *Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004). This court will nevertheless consider Palmer's claims under the *Strickland* standard because the supreme court's decision finding Palmer failed to meet the standard set out in *Strickland* provided absolutely no explanation. In other words, because the supreme court's one-sentence decision gives this court

8

To be successful on an ineffective assistance of counsel claim a petitioner must demonstrate: (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and a defendant must overcome the presumption that the "challenged action might be considered sound strategy." *Id.* To demonstrate prejudice, Palmer must show that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694.

## 2. Jury Instructions 7, 8, and 15

With his second argument, Palmer contends his counsel was ineffective for failing to object to jury instructions 7, 8, and 15. In support of his position, Palmer argues that instruction seven instructed the jury as to rape rather than sexual battery. He argues that instruction eight instructed the jury as to attempted rape rather than attempted sexual battery and that the instruction failed to list every element of attempt. Finally, Palmer argues that instruction fifteen referenced rape and attempted rape rather than sexual battery and attempted sexual battery.

Generally, "jury instructions that contain errors of state law may not form the basis for federal habeas relief." *Gilmore v. Taylor*, 508 U.S. 333, 342 (1993) (citing *Estelle v. McGuire*, 502 U.S. 62 (1991). The relevant inquiry is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *See Hughes v. Johnson*, 191 F.3d 607, 627 (5th Cir. 1999). Moreover, "the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial

---

nothing to examine to determine whether it was contrary to, or an unreasonable application, of the standards provided in *Strickland*, it is essentially useless to this court.

9

record." *Id.* And the court must determine whether there is a "reasonable likelihood" that the jury applied the challenged instruction in a "way that violates the Constitution." *Id.*

As to jury instruction seven, the court finds no error whatever. The instruction simply recites the statutory language, and the jury did not convict Palmer of this charge. Consequently, the court need not address this allegation. Instruction eight, however, did utilize the term "intercourse" at one point rather than "penetration" as provided by the statute. It is clear this was an oversight because defense counsel objected to this language in the initial versions of both instructions seven and eight, and the court amended the instructions in every place but one. Looking to *Strickland*, therefore, the court finds counsel was not deficient. Indeed, it is clear counsel made the necessary objections, and it was the court – not defense counsel – that erred. Even assuming counsel did err, there is certainly nothing to suggest that such a mistake prejudiced the defendant. As discussed *supra*, to demonstrate prejudice, Palmer must show that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. Using the term "intercourse" rather than "penetration" in one instance where "penetration" was used in every other instance is a far cry from showing that had it been otherwise, the result would have been different. Moreover, "considered in the context of the instructions as a whole and the trial record," it is clear the charges made were for sexual battery and attempted sexual battery and that these were the charges the jury considered. *Hughes*, 191 F.3d at 627.

Palmer also argues that his counsel was ineffective for failing to object to instruction eight because the charge was "attempted sexual battery." In support of his position, Palmer points to section 97-1-7 of the Mississippi Code, punishment for attempted crimes. That section

10

defines an attempt as one acting toward the commission of a crime but "shall fail therein, or shall be prevented from committing the same . . . ." Miss. Code Ann. § 97-1-7 (West 2009). According to Palmer because the court did not include this language in instruction eight and his counsel did not demand it, his counsel was ineffective. Again, looking to *Strickland*, the court does not find counsel's performance ineffective for failing to demand this language. Certainly, there is nothing to suggest that but for counsel's errors (had this been error), the result of the proceeding would have been different. As with his previous argument, "considered in the context of the instructions as a whole and the trial record," it is clear the charge was one for attempted sexual battery and that is what the jury considered. *Hughes*, 191 F.3d at 627. Common sense dictates that an "attempt" includes the understanding that the defendant failed to conclude the act. Consequently, the court sees no merit in this argument.

Palmer next argues ineffective assistance for counsel's failure to object to the words "rape" and "attempted rape" in instruction fifteen, the jury verdict form. While it is undisputed that the court incorrectly used these terms, "considered in the context of the instructions as a whole and the trial record," it is clear what charges were made. *Hughes*, 191 F.3d at 627. As has been discussed, instructions seven and eight provided the elements for the crimes charged. Counsel's failure to object to the wording in the jury verdict form does not rise to the level of ineffectiveness contemplated by *Strickland*, nor is there a reasonable probability that had the proper terms been used, the result of the proceeding would have been different. *Strickland* 466 U.S. at 694.

### 3. Expert Witness

Next, Palmer argues his counsel was ineffective when he failed to procure a psychologist

to "test[] the state's evidence." Trial counsel moved for a continuance of trial once and received it, but on the morning of trial he once again moved for a continuance because his psychologist had been "difficult to get in touch with." Looking to *Strickland*, the court finds that while a failure to procure a witness because he was difficult to locate may be seen as deficient, there is nothing to suggest that but for counsel's errors, the result of the proceeding would have been different. *Id.* Indeed, Palmer provides no argument to the contrary. With his petition, Palmer states only that a psychologist could have been used to "test[] the state's evidence." While his argument is somewhat unclear, it is abundantly clear that the evidence presented against Palmer was substantial. The jury heard lay witnesses, a medical expert, and two forensic interviewers who all testified consistently that the victims were credible and the physical evidence supported their allegations. The court finds nothing to suggest that a psychologist would have been able to offer anything – and the petitioner provided nothing at all – that would have changed the outcome.

### 4. Closing Argument

Palmer also argues his counsel was ineffective for failing to object to portions of the prosecution's closing argument. Specifically, Palmer contends his counsel should have objected when in his closing argument, the prosecutor called Palmer a liar and quoted from the Bible – "Be not deceived for God is not mocked. For whatsoever a man soweth, that shall he also reap." Under *Strickland*, "a decision not to object to a closing argument is a matter of trial strategy," and this court finds nothing so inappropriate in the closing argument that would meet the test for habeas relief applicable to improper prosecutorial argument. *Drew v. Collins*, 964 F.2d 411. 423 (5th Cir. 1992). That is, "the misconduct was persistent and pronounced or that the evidence of

12

guilt was so insubstantial" that but for the improper remarks the conviction or sentence would not have resulted. *Turner v. Johnson*, 106 F.3d 1178, 1188 (5th Cir. 1997). Surely, the statement that the defendant was a liar did not inflame a jury that was there to determine whether he had committed sexual battery and fondling. Additionally, as the government points out concerning the Bible quotation, the defendant was a preacher. Such a quote, therefore, was consistent with the prosecution's position that the defendant did not live according to the message he preached. To have objected may well have offended the jury, and to remain seated was a strategy this court finds reasonable. Because nothing in the record shows that defense counsel's decision not to object was deficient and because the evidence was so substantial against him, Palmer's argument as to this issue is also without merit.

### 5. Cumulative Error

Finally, Palmer argues that trial counsel's cumulative errors resulted in a denial of due process. For the reasons discussed at length *supra*, these claims do not merit habeas relief. *See Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) ("Meritless claims or claims that are not prejudicial cannot be cumulated, regardless of the total number raised.").

### 6. Tender Years

Moving away from his ineffective assistance of counsel claims, Palmer next argues the trial court erred when it allowed testimony under Rule 803(25) of the Mississippi Rules of Evidence, the so-called tender years exception. Palmer contends this action violated his Sixth Amendment right to confront his accusers. The Supreme Court has held admission of hearsay testimony does not offend the Sixth Amendment's Confrontation Clause provided the hearsay statements in question were made in contexts which provide substantial guarantees of their

13

trustworthiness. *See White v. Illinois* 502 U.S. 346, 355-57 & n.8 (1992) (holding evidentiary rationale for permitting hearsay testimony regarding spontaneous declarations and statements made in course of receiving medical care carry sufficient indicia of reliability to satisfy the Confrontation Clause); *Idaho v. Wright*, 497 U.S. 805, 820-21 (1990) (recognizing that hearsay statements admitted under a "firmly rooted" hearsay exception, such as the excited utterance and dying declaration exceptions, possess particularized guarantees of trustworthiness which do not offend the guarantees of the Confrontation Clause). Because Palmer argues the admission of hearsay under the tender years exception violated the Confrontation Clause, his claim is foreclosed by the Supreme Court's holdings in *White* and *Wright*. Following a lengthy hearing on this issue, the trial court made detailed findings that Alice was of tender years and Jane was not. As part of that hearing, Rule 803(25) mandates that the trial court find that the "time, content, and circumstances of the statement provide substantial indicia of reliability." Accordingly, the rule comports with the Supreme Court's decisions, and after examining the record, the court finds the trial court's consideration of the matter exemplary, and the state appellate court reasonably concluded the trial court's decision was proper.

Accordingly, for the foregoing reasons, it is recommended that Palmer's habeas petition be denied.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report in a timely manner will bar an

aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoc.*, 79 F.3d 1415 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 22nd day of July, 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE